## MUTUAL LIFE INSURANCE CO. *v.* CHAMBLISS *et al.*

1. Where a petition, brought against a life insurance company, alleges that a policy of insurance upon the life of petitioner issued by the company was held by a named party under a pretended assignment by petitioner, which assignment was procured by fraud of defendant's agent, who told petitioner, subsequently to his making application for insurance, that the company had declined the application; and where such petition alleged further such facts as tended to show that the company, through its agents, had acted in bad faith in the transaction, the suit being brought to cancel said policy and for damages, as well as for expenses incurred in the litigation, including attorney's fees, the petition was not subject to demurrer on the ground that it did not contain allegations entitling the plaintiff to recover attorney's fees.
2. The evidence authorized a verdict finding in favor of plaintiff's claim for attorney's fees.
3. Evidence to show what were reasonable attorney's fees under the facts of the case was admissible.
4. Where certain portions of the charge are excepted to generally, and in themselves are correct statements of abstract principles of law, this court will not search the record to discover whether or not the giving

of the instructions contained in those portions of the charge was authorized under the facts of the case.

5. So much of the verdict as awards plaintiff damages as compensation "for lost time" was unauthorized under the evidence in the case.

Submitted February 12,—Decided July 16, 1908.

Equitable petition. Before Judge Littlejohn. Sumter superior court. February 15, 1907.

Chambliss filed suit, alleging that a policy issued by the plaintiff in error upon his life was held by one McMath by virtue of a pretended assignment by petitioner; that in January, 1903, he applied to the company for insurance on his life, and was examined therefor, and was afterwards told by the agent, who had received his application, that he had not passed, and the company would not insure him; that he did not know until recently that any policy had been issued, or was in existence; that if McMath had any assignment of such policy, it was without consideration and was fraudulently obtained by an agent of the company, and it was without his knowledge that he was making an assignment; that he never, to his knowledge, had any policy in the company, and never assigned any; that the policy held by McMath was liable to be again transferred; that he had been caused much trouble, expense, etc., for all of which he claimed damages in the sum of $3,000, besides equitable relief, including cancellation of the policy. Claim was also made for expenses of litigation. McMath, the holder of the policy under assignment, was joined as a party defendant. In his plea McMath admitted that he was the holder of the policy, set up that he had paid $166.96 as premiums, and alleged that he was a bona fide holder under the assignment, and was a creditor of the plaintiff and had an insurable interest in his life. He denied participation in the fraud whereby the assignment of the policy had been procured (if it had been procured by fraud), and prayed, if the policy should be decreed void, that he should have a judgment for the amount of the premiums which he had paid in good faith. The jury found in favor of the plaintiff $250, and of McMath $197.17. The defendant excepted to the refusal of a new trial.

*J. H. Gilbert* and *E. A. Hawkins,* for plaintiff in error.

*J. A. Hixon* and *Shipp & Sheppard,* contra.

Beck, J. (After stating the facts.) 1, 2. As ruled in the first headnote, the court did not err in overruling the defendant's

demurrer to the petition; and we can not say that the allegation as to bad faith upon the part of the defendant, in the transaction out of which the cause of action arose, was entirely without evidence to support it.    While the evidence for the plaintiff upon this point is not entirely clear and satisfactory, we can not say that the jury were not authorized to find that the defendant company, through its agents, at the time of securing an application from the plaintiff for a policy of insurance upon his life, by fraudulent means and practices procured in advance of the issuance of the policy an assignment thereof in blank, which blank the agents afterwards filled with the name of the party to whom, without the knowledge of the plaintiff, they delivered the policy, and collected from the party last named and continued to collect for several years the premiums upon the policy.    The credibility of the evidence of the plaintiff himself was a question for the jury.    They accepted it as true; and treating it as true, not only were the above facts made to appear, but it is also in proof that, in order to carry out the fraudulent scheme, the plaintiff, who had made application for insurance, was informed that he "had not passed," and remained in total ignorance of the existence of the policy for several years after its issuance, until a notice of a premium about to become due came into his hands through the mails.    And all this being true, a clear instance of the defendant having acted in bad faith is established.    Counsel for plaintiff in error cite the case of *Traders Insurance Co.* v. *Mann,* 118 *Ga.* 385 (45 S. E. 426), wherein it was ruled that "expenses of litigation are not allowed for bad faith in refusing to pay, but where he [the defendant] has acted in bad faith in the transaction and dealings out of which the cause of action arose."    Other cases in which the same ruling is made are cited.    In the present case it is apparent that the defendant's agents, acting in the scope of their employment in connection with the transactions and dealings relative to the procurement of the application for the insurance and the issuance of the policy, were guilty of acts done altogether in bad faith, and which were fraudulent throughout; and the allegations relative to the bad faith with which the defendant had acted in the transaction were sufficiently alleged in the petition to withstand the demurrer thereto.

3.    Error was assigned upon the court's ruling "in admitting

in evidence, over the objection of counsel as irrelevant and illegal and not binding upon it, and also as not competent to prove it by plaintiff, the following testimony of plaintiff: 'I thought Judge Hixon's services [plaintiff's counsel] was worth $250, under what has passed between me and the company, and the nature of the case, and all.'" The plaintiff, being entitled to recover reasonable attorney's fees, should have been permitted to prove what amount should be reasonably allowed as compensation for his attorney; and having stated facts and circumstances relative to the employment and the services of his counsel in connection with the case, it was competent for him, after stating the facts, to give his opinion as to what would be a reasonable fee under the circumstances; and what we have just said is applicable also to another ground in the motion for new trial, complaining of the admission of the evidence of another witness tending to show what would be a reasonable fee for plaintiff's counsel in this case.

4. Several grounds of the motion assign error upon the charge of the court. The exception to the excerpts of the charge contained in those grounds is general, and no attempt was made by counsel to indicate wherein the giving of these instructions was erroneous; and inasmuch as those portions of the charge thus excepted to stated principles of law correct in the abstract, the assignment of error was without merit.

5. But while the jury were authorized to allow, under the evidence in the case, as a part of the expenses of litigation, a reasonable amount as attorney's fees, we know of no authority for allowing plaintiff himself compensation for the time lost by him in attending to this litigation; and the verdict, so far as it awards him damages as compensation for his lost time, was unauthorized and must to that extent be set aside. Accordingly the judgment is affirmed on condition that the defendant in error will, within thirty days after the filing of the remittitur in the office of the clerk of the superior court in Sumter county, write off $50 awarded by the jury in their verdict "for his lost time." If the defendant in error declines to write off the said sum, then, in accordance with this judgment, a new trial is granted.

*Judgment affirmed, on condition. All the Justices concur, except Evans, P. J., and Atkinson J., disqualified.*