## 21367. BANKERS HEALTH AND LIFE INSURANCE COMPANY *v.* NICHOLS.

DECIDED JANUARY 12, 1932.

*John R. Fawcett,* for plaintiff in error.   *Cobb & Bright,* contra.

LUKE, J.   In an action upon two policies of industrial life-insurance, Lillie Nichols was awarded a verdict and judgment against Bankers Health & Life Insurance Company for $239.   A motion for a new trial was denied, and exceptions were taken.

It is urged in support of the general grounds of the motion

for a new trial that the plaintiff below, in her own behalf, testified falsely concerning essential facts upon which her right to a recovery depended, and that consequently her entire testimony should have been rejected, agreeably to the maxim "falsus in uno, falsus in omnibus." To maintain this theory counsel for the defendant points out that the "premium-receipt book," in which the account of premium payments was entered directly contradicts, in these essential particulars, the testimony of the plaintiff, and counsel concludes that in such circumstances the plaintiff's testimony is entitled to no weight or credit. We are not aware of any rule of evidence which requires a jury to accept as true the entries in a "premium-receipt book" in preference to the testimony of a witness under oath. Infallibility is no more the quality of the one than of the other. Moreover, if we correctly understand the record, there was some testimony to corroborate that of the plaintiff that the premiums in dispute were not so in default as to cause the insurance to lapse under the provisions of the policies. The jury had the right to believe this testimony in preference to the entries in the book, however incredible the testimony of the witness may seem to counsel for the plaintiff in error. In any event, the rule invoked is merely permissive and not mandatory. This court is without warrant to disturb the verdict and judgment for any reason urged in support of the general grounds.

There is but one special ground in the motion for a new trial. An objection having been interposed, the trial judge refused to admit in evidence a certified copy of a death certificate from the Florida Bureau of Vital Statistics, offered by the defendant for the purpose of showing the age of the decedent. No evidence having been offered to prove the authenticity of the instrument, and since the plaintiff, although she, in some measure at least, first qualified herself to testify to what was stated therein, disqualified herself when recalled to the witness stand, we think the ruling of the trial judge in the premises was entirely proper.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*