29436. BANKERS HEALTH & LIFE INSURANCE COMPANY *v.* PLUMER.

DECIDED JULY 16, 1942. REHEARING DENIED JULY 28, 1942.

722

*Z. B. Rogers, Turpin & Lane,* for plaintiff in error.

*Joseph B. McGinty,* contra.

STEPHENS, P. J.   (After stating the foregoing facts.)

The order of the judge overruling the motion for new trial was not subject to the exception that it appears on its face that he did not use any judicial discretion and did not pass on any ground of error assigned or that it appears that he did not approve the verdict.

In the first special ground of the motion the defendant complains of the following charge of the court: "The plaintiff in this case, as I have already read to you, claims an additional sum as attorney's fees.  He contends that the defendant has acted in bad faith, has been stubbornly litigious, and has caused the plaintiff unnecessary trouble and expense.  As law applicable to this contention I charge you Code § 20-1404: 'The expenses of litigation are not generally allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.'  Therefore, gentlemen, if you find from the evidence in this case that the plaintiff is entitled to recover in this case you may also consider this additional item of attorney's fees, provided the plaintiff has satisfied you by a preponderance of the evidence that the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.  You may allow such amount as attorney's fees as you find and believe from the evidence are fair, reasonable, and were necessary.  The fair and reasonable value of the expense of litigation is a question for the jury to determine under all the facts and circumstances of the case."  It is contended that Code § 20-1404, which is the section embodied in the above excerpt from the charge, is not applicable, and that the present case is not one in which the recovery of attorney's fees as expenses of litigation is permissible.  It is also contended that there is no evidence which would authorize a recovery under the provisions of Code § 20-1404. It is insisted that in the present case if there could be any recovery of attorney's fees, Code § 56-706 rather than the section charged would apply.  The bad faith which would authorize a recovery of attorney's fees as expenses of litigation is the fraud or bad faith of the defendant in the transaction out of which the cause of action

arose. *Twin City Lumber Company* v. *Daniels,* 22 *Ga. App.* 578 (96 S. E. 437). In an action ex contractu expenses of litigation are recoverable under the above section where it appears that the contract was entered into in bad faith or was procured by fraud, or that the defendant had been stubbornly litigious. *McKenzie* v. *Mitchell,* 123 *Ga.* 72 (51 S. E. 34); *Lovell* v. *Frankum,* 145 *Ga.* 106 (4) (88 S. E. 569).

We can not say that there was no evidence from which the jury might find that there was fraud or bad faith on the part of the defendant, through its agents, in the transaction out of which the cause of action arose; and the court did not err in charging Code § 20-1404, for any reason assigned. See *Mutual Life Insurance Co.* v. *Chambliss,* 131 *Ga.* 60, 62 (61 S. E. 1034). There was evidence from which the jury were authorized to find that the agents of the defendant acted in bad faith and committed a fraud on the plaintiff in lapsing and causing to be cancelled, without the knowledge of the plaintiff, the first policy of insurance, and in continuing thereafter to accept premiums on this policy, knowing that he did not know that such policy had been lapsed and cancelled for nonpayment of premiums. If the evidence and the testimony of the plaintiff represented the truth of the transactions on which this suit is based, the defendant and its agents who dealt with the plaintiff were guilty of fraud beginning with the wrongful lapsing and cancellation of the first policy, without the plaintiff's knowledge, in 1933. The plaintiff's evidence fully justified the charge complained of in this ground of the motion.

The contention of the defendant that Code § 56-706 rather than § 20-1404 applied under the facts of the present case is entirely without merit. *Mutual Life Insurance Co.* v. *Chambliss,* supra. The Code, § 56-706, has reference to claims on policies of insurance and not to suits for fraud and for the return of premiums, as is the present case. It was held when this case was in this court on demurrer that the petition showed a cause of action for the recovery of all premiums paid on account of the alleged "fraud" of the defendant and its agents, but that there was no case made for the breach of the contract of insurance relatively to the provisions thereof whereby the company promised, after the insured had paid premiums on the policy for ten years, to issue to him a paid-up "free" policy. *Plumer* v. *Bankers Health & Life Insurance Com-*

*pany,* supra. The present suit is not for the breach of the policy, but is one for the recovery of premiums, based on fraud and wrongful conduct of the defendant, and it has been adjudicated that a cause of action in this regard was alleged.

■ It follows from what is ruled in the foregoing division of this opinion, to the effect that under the pleadings and evidence the court did not err in charging the provisions of the Code, § 20-1404, which permit the recovery of attorney's fees as expenses of litigation, that the court did not err, as complained in ground 2 of the motion, in admitting evidence to show what were reasonable attorney's fees under the particular facts of this case. *Mutual Life Insurance Co.* v. *Chambliss,* supra. The court properly permitted the present counsel for the plaintiff, as well as the former counsel to give their opinions as to what was a reasonable attorney's fee in this case, each witness giving in detail the facts on which he based his opinion.

■ In ground 3 the defendant assigns error on the following charge of the court: "'There is no rule of law which requires the jury to accept as true entries in a receipt book in preference to the testimony of a witness. It is a question for the jury to say what weight and credit is to be given all evidence in the case." This excerpt stated a correct and applicable principle of law, and was not error for any of the reasons assigned. See *Bankers Health & Life Ins. Co.* v. *Nichols,* 44 *Ga. App.* 536 (162 S. E. 161). The contention that this charge unduly emphasized the plaintiff's contention to the defendant's detriment is without merit. The above excerpt was not inapplicable under the evidence because there was only one receipt book introduced and this book did not cover payments made in 1933 and prior thereto when the defendant claimed the first policy had lapsed. The above excerpt was applicable under the evidence for the reason that the policy number on the receipt book was different from the number of the policy on which the plaintiff claimed that he had paid the premiums to the defendant. The plaintiff contended that he was an illiterate colored man; that he paid the premiums on the first policy; that his understanding was that the defendant accepted such premiums on the first policy; that the defendant wrongfully and fraudulently lapsed the first policy, and substituted another policy without this being known to the plaintiff, which second policy bore the number that

was on this receipt book. These contentions were denied by the defendant. There was a conflict on this issue. The court correctly instructed the jury that they were not required to accept as true entries in this receipt book as being payments of premiums on the second policy in preference to the testimony of the plaintiff that he paid the premiums, as he thought, on the first policy. The court properly instructed the jury that the weight and credit to be given all of the evidence was a question for their determination.

■ The court did not err in charging the jury as complained of in the fourth special ground as follows: "If you find that the plaintiff is entitled to recover the measure of recovery would be the amount actually paid by the plaintiff as premiums together with interest thereon from the time of payment to the date figured at the rate of 7 per cent. per annum." The measure of damages under the original petition was the return of all premiums paid, with interest. This court on exception to the sustaining of the general demurrer to the petition, held that a cause of action was alleged "for recovery of all premiums paid, with interest," and reversed the lower court. *Plumer* v. *Bankers Health & Life Ins. Co.,* supra.

■ In ground 5 it is contended that the court erred in charging the jury as follows: "If you believe from the evidence that the plaintiff applied for and accepted a new policy of insurance from the defendant company, and that he knew that premiums paid by him were being applied to the new policy instead of to the old, the plaintiff would not be entitled to recover." This charge stated a correct rule. It was favorable to the defendant and was not error for any of the reasons assigned, among them being that the court did charge another proposition of law.

■ In ground 6 the defendant contends that the court erred in admitting over its objection the following testimony of the plaintiff: "Mr. Mercer [an agent of the defendant] said: 'Abe [the plaintiff], we aint going to let you lose money that you put in it; we are going to pay you your money; we aint going to let you lose it. . .' He said, 'They are going to come over here and pay you. . . Like I told you at your home, we are going to come over here and pay you your money. You aint going to lose your money.' And then Mr. Sanders [an agent of the defendant] said, 'Abe, I am going to give you Mr. Tomlin's [an agent of the de-

fendant] address in Athens, and I am going to tell him when I get back to Athens, and we will come over here and pay you your money. We are not going to let you lose your money.' " The defendant objected to the admission of the evidence because the defendant was not and could not be bound by any promises of payment made by Mercer or Sanders; it not being shown they had any authority to bind the company, nor that the company knew of any such promises. This ground is without merit. The court did not err for the above reasons in admitting the testimony. It does not appear, and it is not contended in this ground, that the above evidence was harmful and prejudicial in any manner to the defendant.

■ Error is assigned in ground 7 to the admission of the following testimony of Joseph M. McGinty, counsel for the plaintiff: "Assuming what Uncle Abe says is true, I have calculated as closely as I can the amount of money he has paid to the company. The principal amount, as I figure, would be $184.80. If in the event he is entitled to recover, as I understand, he would be entitled to recover interest at the rate of 7 per cent. per annum on each amount he has paid to the company from the date of each payment, but to calculate that strictly, you might say according to law, would be a technical task, because we don't have the dates and the amounts of payments, and the highest and best evidence according to the testimony has been destroyed. It would seem from a logical standpoint the best thing to do would be to put it on an annual basis, starting from the year 1927; if the policy was delivered in 1926, in November, 1927, the policy would have been a year old, and that would be 52 weeks in a year. The payment of 35 cents a week for 52 weeks would be $18.20 a year premium that would be paid to the company as principal; the interest on that sum of $18.20 at 7 per cent. is $1.27. From 1927 up until now would be about 15 years, and the interest on $18.20 at 7 per cent. per annum for 15 years would be $19.05. With each year thereafter the amount of interest would come down $1.27. Figuring it on that basis the total interest would be at 7 per cent. per annum, as closely as I can calculate it, $133.35; principal $184.80 and the interest would be $133.35 at 7 per cent. per annum." The admission of this testimony was not error for any of the reasons assigned. By this testimony the plaintiff did not usurp the function of the

jury, and such testimony was not calculated to unduly impress the jury and to prejudice the defendant. This testimony was not inadmissible because the witness did not have the dates of payments and the amount of each. This court had previously ruled in this case that the plaintiff, if entitled to recover, could recover the sum of "all premiums paid with interest," and the facts and figures on which the witness based his calculations were in evidence in the case. It is not contended by the defendant that the calculations were erroneous. The plaintiff was entitled to recover all premiums paid, and it is undisputed that the plaintiff paid for the policies, or policy, as the case may be, a weekly premium of 35 cents. The date of the first policy was not disputed. The fact that the plaintiff paid the premiums until January, 1937, was not disputed. The dispute was whether the plaintiff paid the premiums on the first policy or on another policy, as contended by the defendant, which had been issued by it when it cancelled and lapsed the first policy.

■ It is contended in ground 8 that a new trial should be granted because during his examination of the plaintiff the plaintiff's counsel in the presence of the jury stated to the court: "I would like in the presence of the jury to let the plaintiff sit down and write his name;" that the defendant objected, and on the objection being sustained the plaintiff's counsel asked if he might be permitted to state to the court what he had in mind; that being so permitted the plaintiff's counsel said: "I would like to get permission in the presence of the jury for the plaintiff to write his name in order that the jury . ."; that here the defendant again objected to such statement before the jury, but before the court ruled thereon the plaintiff's counsel continued ". . could compare it and the alleged signature on the application, I could have my client claim the paper a forgery," and then counsel for the plaintiff proceeded to argue it; that the defendant renewed its objection, when, without reprimand of counsel for making an improper statement and without cautioning the jury not to be influenced by it, the court remarked, "I have ruled on it." The defendant contends that merely ruling on the objection and sustaining it were insufficient to cure the evil, and that the court, without a request, should have cautioned the jury not to be influenced by it, and should also have reprimanded counsel for making the proposition before the jury. The defendant did not move for a

mistrial and there was no request that the court caution and instruct the jury relatively to this matter. The defendant did not request the court to reprimand the plaintiff's counsel for making such statement. The foregoing was not error for any of the reasons assigned.

■ The evidence authorized the verdict for the plaintiff, and the finding of all premiums paid, with interest, was not contrary to law. See *Plumer* v. *Bankers Health & Life Insurance Co.,* supra, where it was held that a cause of action for the recovery of such premiums was alleged. The evidence tended to support the allegations of the petition, and the verdict was not without evidence to support it and contrary to law, as contended by the defendant.

While all the evidence has not been referred to or quoted, a sufficiency thereof has been referred to or quoted in the opinion for the purpose of illustrating the conclusion at which this court has arrived. There having been no plea of the statute of limitations filed by the defendant, no question as to whether the claim is barred by the statute of limitations is presented. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*