### 58915. CARRERAS et al. v. AUSTELL BOX BOARD CORPORATION et al.

SOGNIER, Judge.

This action for damages arose when a truck owned by defendant Austell Box Board Corporation (hereafter Austell) ran into the rear of the Carreras' automobile, which was stopped waiting for the traffic on a single-lane bridge. Austell's truck was being driven by one of its employees, Baxter, who was also a defendant below. The principal issue raised by plaintiff in the pretrial order was the negligent operation of Austell's truck by Baxter. However, an issue raised by the evidence was whether Austell was negligent in inspecting and maintaining the truck's brakes. The jury entered a verdict for the defendants and the Carreras' appeal, contending the trial court erred (1) by instructing the jury that it could not return a verdict for appellants against Austell unless it also returned a verdict for appellants against Baxter; (2) by failing to instruct the jury on recharge as to the difference between the potential liability of Austell based solely on the negligence of Baxter pursuant to the doctrine of respondeat superior, and the potential *direct* liability of Austell based upon its duty to keep the brakes of its truck in proper working order as

required by statute; (3) by denying appellant's motion for a new trial; and (4) by concluding and determining that no issue was raised as to the independent liability of Austell based on its failure to maintain properly the brakes on its truck, as the appellants did not raise the issue in the pretrial order. As both Enumerations 1 and 3 require reversal, we will confine our opinion to those two enumerations.

1. In regard to Enumeration 1, the trial court charged the jury that "[i]f you find no negligence on the part of the defendant driver, Baxter, then there could be no recovery against him or the defendant, Austell Box Board Corporation." This was error. Appellants' evidence at trial sought to establish two grounds for recovery; negligent operation of the truck by Baxter, and negligent inspection and maintenance of the truck's brakes by Austell. If the jury believed the driver Baxter was not negligent, then the trial court's instruction *required* the jury to find for Austell, the owner, even if the jury found Austell negligent in the inspection and/or maintenance of the brakes on the truck. However, Austell is liable for its negligence independent of any negligence on the part of its driver. See *Cravey v. J. S. Gainer Pulpwood Co.,* 128 Ga. App. 465, 467 (197 SE2d 171) (1973). "The statutory duty to keep an automobile equipped with proper brakes is imposed on the owner, and the owner [Corporation] is liable for any injuries proximately caused by the defective condition of the brakes if he permits another person to operate it while it is in that condition, when he knows or through the exercise of ordinary diligence could and should have known of its defective condition. [Cits.] . . . [a]nd when an injury can be traced directly to a wrongful act, and but for such wrongful act it could not reasonably be supposed that the injury would have resulted, this essentially antecedent act may be said to be the 'proximate cause' of the injury." *Gregory v. Ross,* 214 Ga. 306, 311 (104 SE2d 452) (1958). Thus, if the jury believed Baxter was not negligent, the jury was prohibited, improperly from considering any allegation of negligence on the part of Austell. This was error. *Lewis v. Harry White Ford,* 129 Ga. App. 318 (199 SE2d 599) (1973).

2. As to Enumeration 3, in examining the pretrial order in this case, it is clear that appellants did not allege any acts of negligence on the part of Austell. However, the defendant's outline of the case in the pretrial order stated that "defendants were not guilty of any negligence which caused or contributed to the plaintiff's alleged injuries, by way of a sudden emergency created by a brake failure which the defendants were unable to foresee or prevent and, therefore, plaintiffs would not be entitled to recover any sum of the

defendants whatsoever." Further, defendants notified plaintiff in the pretrial order that one of the defense witnesses at trial would be "[a] mechanic at Austell Box Board concerning condition of brakes following accident." Both sides presented evidence on this issue without objection by any party or the court.

Appellants contend that even though the pleadings were not amended formally, such an amendment is not necessary as Code Ann. § 81A-115 (b) (CPA § 15 (b)) provides, in pertinent part, that "[W]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary . . . to raise these issues may be made upon motion of any party at any time, . . . but failure so to amend does not affect the result of the trial of these issues . . ." Appellees, relying on Code Ann. § 81A-116 (5) (CPA § 16-5), contend that the pretrial order limits the issues for trial to those not disposed of by admissions or agreements of counsel and when entered, such order controls the subsequent course of the action unless modified at trial to prevent manifest injustice. As there was no admission or agreement of counsel on the issue of Austell's negligence, and appellant did not specify such an issue in the pretrial order, we are faced with the question of whether the limitations of CPA § 16-5 control the issues which may be covered in the court's charge to the jury, or does CPA § 15 (b) permit litigation of an issue not raised by the pleadings or the pretrial order.

"The purpose of modern pleading is to facilitate determination of the truth; . . ." *McDonough Const. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 512 (250 SE2d 424) (1978). " 'Rule 15 is one of the most important of the rules that deal with pleadings. It re-emphasizes and assists in attaining the objective of the rules on pleadings: that pleadings are not an end in themselves, but are only a means to the proper presentation of a case; that at all times they are to assist, not deter, the disposition of litigation on the merits.' 3 Moore's Federal Practice § 15.02[1], p. 15-13. 'The first part of Rule 15 (b) provides that if issues are tried with the express or implied consent of the parties, "they shall be treated in all respects as if they had been raised in the pleadings.". . . In effect, therefore, the parties may, by express consent, or by the introduction of evidence without objection, amend the pleadings at will . . . Implied consent usually is found where one party raises an issue material to the other party's case, or where evidence is introduced without objection . . . It should be noted that Rule 15 (b) is not permissive in terms: it provides that issues tried by express or implied consent *shall* be treated as if

raised by the pleadings.' " *McDonough,* supra, at 514.

Evidence was introduced by appellants, without objection, on the issue of failure of the truck's brakes to stop properly, and the type maintenance performed on the truck by Austell. Appellees were not surprised by such evidence, as their outline of the case in the pretrial order stated that appellees were not guilty of any negligence caused by a brake failure, and they listed a witness who would testify to the condition of the brakes after the accident. This issue was litigated and the court charged the jury on this issue. The fact that appellants did not raise the issue in the pretrial order is not controlling where evidence is introduced on the issue without objection; the opposing party is not surprised; and the issue is litigated. Brooks v. Wooton, 355 F2d 177 (1) (2d Cir. 1966). Rule 16 must always be considered in light of the *mandatory* provisions of Rule 15 (b), 6 Wright & Miller, Federal Practice and Procedure: Civil § 1491, p. 456; 462-463, § 1493, and the test of implied amendment of pleadings should always be whether the opposing party had a fair opportunity to defend, offer evidence or was misled. 3 Moore's Federal Practice § 15.13[2], p. 15-172.

Applying the rules discussed above to the instant case, we find the issue of Austell's negligence in inspecting and maintaining the brakes on its truck was tried by implied consent of the parties, without objection by the parties or the court. Hence, the plaintiffs, were not required to formally amend the pretrial order, and the trial court erred in denying plaintiff's motion for a new trial on the ground (stated by the court) that plaintiffs did not raise this issue in the pretrial order and never sought to amend their complaint.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED OCTOBER 31, 1979 — DECIDED MARCH 13, 1980 —
REHEARING DENIED MARCH 26, 1980 —

*R. Michael Souther, Michael Mears,* for appellants.
*Wilbur C. Brooks, Ronald A. Lowry,* for appellees.