60457. MANSELL v. PAPPAS et al.

QUILLIAN, Presiding Judge.

This is an appeal from summary judgments.

Defendant-appellant Mansell was the owner of real property which he originally sold to plaintiff-appellee Pappas, taking as security for the balance of the purchase price a promissory note and a deed to secure debt from Pappas. Pappas defaulted on the note. Mansell commenced foreclosure proceedings, and regained title to the property by buying it in at the foreclosure sale. Mansell then leased the property to Pappas with an option to purchase for $61,000. Thereafter, Mansell received an offer to purchase the property for $68,000 from the remaining party to this suit, defendant-appellee Benson Chevrolet Company, Inc. After obtaining oral assurances from Pappas that he would not exercise the option, Mansell agreed to sell the property to Benson. Benson was aware of Pappas' leasehold but the evidence is in conflict on whether Benson had knowledge of Pappas' unrecorded option to purchase. The sale was consummated, Mansell conveyed the property to Benson by warranty deed and transferred his lease with Pappas to Benson. Pappas continued as lessee under Benson as lessor for some months when Pappas informed Benson that he was exercising the option to purchase. When Benson refused to convey to Pappas, Pappas commenced this action against Benson and Mansell for specific performance and damages. Mansell counterclaimed against Pappas to recover alleged indebtedness of Pappas to him arising from the foreclosure and Benson cross claimed against Mansell for breach of the covenant of warranty in the deed conveying the property to Benson. Pappas received summary judgment against Benson on the issue of specific

performance and this judgment was affirmed by the Supreme Court of Georgia on July 1, 1980 (No. 36081), without opinion.

Appellant Mansell enumerates as error the following actions by the trial court: (1) Grant of partial summary judgment to Benson on Mansell's liability for breach of the covenant of warranty; (2) Denial of Mansell's motion for summary judgment on Pappas' claims for damages against Mansell; (3) Denial of Mansell's motion to strike certain allegations in Pappas' complaint against Mansell for damages; and (4) Grant of summary judgment to Pappas on Mansell's counterclaim against Pappas for indebtedness arising from the foreclosure of Pappas' former title to the property. *Held:*

1. Appellant's second and third enumerations were abandoned orally by counsel when the case was argued.

2. The trial court did not err in granting Benson partial summary judgment on its cross claim against Mansell on the issue of his liability to Benson for breach of the covenant of warranty in the deed.

In the deed conveying the property to Benson, Mansell agreed to warrant and forever defend Benson's right and title to the property against the claims of all persons. At the time of the conveyance the property was encumbered by Pappas' unrecorded option to purchase. The Supreme Court's affirmance of the judgment of specific performance of Pappas' option to purchase against Benson establishes the defect in the title Benson received from Mansell. The covenant of warranty was breached when Pappas exercised the option before it expired. Benson's claim of breach of warranty was not defeated by Mansell's claim of Benson's actual or constructive knowledge of the existence of the encumbering option to purchase. "The plaintiff's rights to recovery of damages under Code 29-202 [rights of purchaser losing land from defect of title], is not defeated by his constructive knowledge of the prior recorded deed to the county. 'A general warranty of title in a deed against the claims of all persons covers defects in the title though known to the purchaser at the time of taking the deed' Code § 29-304." *Lunsford v. King,* 132 Ga. App. 749, 750 (209 SE2d 27). Nor is an offer to rescind necessary to recover on a covenant of warranty. Code Ann. § 29-305.

3. The remaining enumeration is that the trial court erred in granting summary judgment to Pappas on Mansell's counterclaim.

Code Ann. § 67-1503 provides: "When any real estate is sold on foreclosure, without legal process, under powers contained in security deeds, mortgages or other lien contracts, and at such sale said real estate does not bring the amount of the debt secured by such deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure

proceedings shall, within 30 days after such sale, report the sale to the judge of the superior court of the county in which the land lies for confirmation and approval, and obtains an order of confirmation and approval thereon."

The sale of the property under Pappas' deed to secure debt to Mansell was never confirmed by Mansell in accordance with this statute. There was no error, therefore, in granting summary judgment to Pappas on Mansell's counterclaim for any deficiency on the sale of the property arising from Pappas' obligations under the note and deed to secure debt. See *Sockwell v. Pettus,* 139 Ga. App. 311 (1) (228 SE2d 343); *Marler v. Rockmart Bank,* 146 Ga. App. 548 (246 SE2d 731).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 15, 1980 — DECIDED OCTOBER 7, 1980 — REHEARING DENIED NOVEMBER 14, 1980.

*Wellborn R. Ellis,* for appellant.
*D. W. Rolader, David Grissette, Larry S. Bryant,* for appellees.