## 65144. MANSELL v. BENSON CHEVROLET COMPANY, INC. et al.

SHULMAN, Chief Judge.

The facts of this case are contained in this court's opinion in *Mansell v. Pappas,* 156 Ga. App. 272 (274 SE2d 588). The present appeal arises from a six-day trial which resulted in jury verdicts against appellant Mansell and in favor of appellees Benson Chevrolet Company, Inc. ("Benson") and Pappas. Benson was awarded $9,468.75 in substantive damages, $ 5,000 in attorney fees, and $28,531.35 in exemplary damages. Pappas received $1.00 in nominal damages and $10,000 in attorney fees.

1. Mansell argues that Benson is estopped to assert breach of

the covenant of warranty because it allegedly had knowledge of the lease and option to purchase. In the earlier appearance of this case in this court, we held that "Benson's claim of breach of warranty was not defeated by Mansell's claim of Benson's actual or constructive knowledge of the existence of the encumbering option to purchase." *Mansell v. Pappas,* supra, p. 273. That decision "established the law of the case and as such . . . is likewise binding on this court in the instant appeal. Code Ann. § 81A-160 (h) [OCGA § 9-11-60 (h)]." *Redmond v. Blau,* 153 Ga. App. 395 (265 SE2d 329). In light of the law of the case rule, we are without authority to consider this enumeration. Id., p. 396.

2. Appellant claims that Benson was not entitled to exemplary damages because the cross-claim sounded in contract, i.e., breach of the covenant of warranty. See Code Ann. § 20-1405 (OCGA § 13-6-10). However, Benson amended its cross-claim against Mansell to assert tortious conduct (fraud and deceit), the infliction of which authorizes an award of exemplary damages. See Code Ann. § 105-2002 (OCGA § 51-12-5). Furthermore, inasmuch as evidence of fraud and deceit was allowed at trial without objection from appellant, the pleadings must be treated as if amended to include a demand for exemplary damages since the issue was tried by express or implied consent of the parties. Code Ann. § 81A-115 (b) (OCGA § 9-11-15 (b)).

3. Notwithstanding the above, appellant asserts that the absence of the issue of exemplary damages from the pretrial order effectively prevented trial on that issue. However, "[t]he fact that [appellee Benson] did not raise the issue in the pretrial order is not controlling where evidence is introduced on the issue without objection; the opposing party is not surprised; and the issue is litigated." *Carreras v. Austell Box Bd. Corp.,* 154 Ga. App. 135, 138 (267 SE2d 792). The *Carreras* criteria having been met in this case, appellant's assertion must fail.

4. Appellant also claims that the trial court erred in charging the jury on exemplary damages, fraudulent transaction, and attorney fees. No objection to the giving of any charge was voiced at trial. See Code Ann. § 70-207 (a) (OCGA § 5-5-24 (a)). Anticipating such a response, appellant invokes the saving clause of § 70-207 (c) (OCGA § 5-5-24 (c)): "Notwithstanding any other provision of this section, the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." " 'The exception to the rule found in Code Ann. § 70-207 (c) (harmful as a matter of law) is inapplicable "unless it appears that the error contended is ' "blatantly apparent and prejudicial" ' [cit.], and

that a ' "gross miscarriage of justice attributable to it is about to result." ' [Cits.] . . . [The] error must be 'blatantly apparent and prejudicial to the extent that it raises a question as to whether the losing party has, to some extent, at least been deprived of a fair trial because of it.' " *Dendy v. MARTA,* 163 Ga. App. 213, 219 (293 SE2d 372), revd. on other grounds, *MARTA v. Dendy,* 250 Ga. 538 (299 SE2d 876). None of these dire circumstances appears in this case. Therefore, § 70-207 (c) is inapplicable, and appellant's failure to voice an objection to the charges at trial prohibits consideration of any enumeration of error based on the jury instructions. Code Ann. § 70-207 (a).

5. Inasmuch as there was evidence from which the jury could conclude that appellant had made false representations concerning the existence of the option to purchase, awards of attorney fees to Benson and Pappas were authorized. Code Ann. § 20-1404 (OCGA § 13-6-11); *Bankers Health &c. Ins. Co. v. Plumer,* 67 Ga. App. 720, 726 (21 SE2d 515).

6. Appellant contends that the trial court erroneously permitted testimony regarding compromise, in contravention of Code Ann. § 38-408 (OCGA § 24-3-37). The testimony to which appellant objected concerned monetary offers made by appellant to Benson after appellant became aware of Pappas' desire to exercise the option to purchase and realized that Pappas had a contractual right to do so.

"There is a distinction between an offer or proposition to compromise a doubtful or disputed claim, and an offer to settle upon certain terms a claim that is unquestioned. An admission made in an offer of the latter character will be admissible when one made in an offer of the former character will not." *Teasley v. Bradley,* 110 Ga. 497, 507 (35 SE 782). Mr. Mansell's offers to Benson were in the nature of settlement, not compromise, and § 38-408 does not prevent such testimony.

7. Appellant maintains that the jury awarded an excessive amount of substantive damages to Benson. Since the amount of damages awarded was less than the difference between what Benson paid Mansell for the property and what Benson received from Pappas from the same property, the jury's award was proper.

8. In his final enumeration of error, appellant maintains that his attorney's closing argument exhausted only one of the two hours to which he was statutorily entitled (see Code Ann. § 81-1007 (OCGA § 9-10-180)), and that the trial court's refusal to grant counsel additional time for rebuttal argument was reversible error. In its response to appellant's request, the trial court stated that the arguments had occurred precisely as had been agreed upon by the

parties in a pre-trial conference where no objection had been made. Furthermore, we note that § 81-1007 provides for two hours of argument per *side,* not per *party.* As Benson's co-defendant in the trial court, appellant was required to share the allotted time with counsel for Benson. The enumeration is meritless.

9. We do not find this appeal to be so lacking in merit as to warrant the conclusion that it was taken up for delay only. Accordingly, appellee's motion for damages pursuant to Code Ann. § 6-1801 (OCGA § 5-6-6) is denied.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs specially.*

DECIDED FEBRUARY 16, 1983 —
REHEARING DENIED MARCH 1, 1983.

*J. D. Humphries III, Carolyn T. Thurston, Herbert H. Gray III,* for appellant.

*Larry S. Bryant, Donald W. Rolader,* for appellees.

CARLEY, Judge, concurring specially.

I concur in the judgment reached by the majority and with all that is said in the majority opinion with the exception of the discussion contained in Division 6 of that opinion. I also agree that the enumeration discussed in that Division is without merit, but for a different reason than that enunciated by the majority. While, contrary to the majority, I believe that some of the testimony objected to was improperly admitted in contravention of Code Ann. § 38-408, there is no basis for reversal on this ground since the record reveals that testimony of the same nature was admitted without objection. See *Whitley v. State,* 188 Ga. 177 (3) (3 SE2d 588) (1939); *Zeeman Mfg. Co. v. L. R. Sams Co.,* 123 Ga. App. 99 (4) (179 SE2d 552) (1971); Green, Ga. Law of Evidence (2nd Ed.) § 14. However, I believe that the majority's characterization of appellant's offers as being "in the nature of settlement, not compromise" is erroneous and arises from an overbroad application of the narrow exception recognized in *Teasley v. Bradley,* 110 Ga. 497 (35 SE 782) (1900). See this writer's dissent in *Campbell v. Mutual Svc. Corp.,* 152 Ga. App. 493, 499 (263 SE2d 202) (1979).