A95A1234. PAWN WORLD, INC. v. ESTATE OF SAM FARKAS, INC. et al.
(461 SE2d 295)

McMURRAY, Presiding Judge.

Plaintiff Pawn World, Inc. ("Pawn World"), brought this action seeking either specific performance of a written agreement to sell real property belonging to defendant, the Estate of Sam Farkas, Inc. (the "Estate"), or else damages for the alleged breach of that agreement. The complaint alleged that Pawn World entered into a binding agreement through defendant Jackson M. Harby, allegedly a "director and shareholder . . ." of the Estate. Defendants denied the material allegations, and the case was tried before a jury.

The material facts are not disputed. The writing sued on is a preprinted real estate "PURCHASE AND SALE AGREEMENT" form, entered into between "Jackson M. Harby for the Estate of Sam Farkas, Inc.," as seller and "JAMES N. STRANGE . . . AAA DISTRIBUTORS OR ASSIGN" as buyer. William A. Boston, Jr. "own[s] 80

percent of Pawn World." He "withdrew the funds from [his] retirement account . . . and tendered a certified check to the closing attorney for the purchase price." Mr. Boston affirmed that James N. Strange is president of the named buyer, AAA Distributors, which, Mr. Boston explained, is a corporation that is "one and the same . . ." as AAA Pawn, a fictitious name. When questioned by the trial court as to how plaintiff Pawn World fit into the umbrella or structure of AAA Distributors, Mr. Boston explained it was by virtue of the "[s]ame ownership. . . ." He was not certain "which name we were going to put it in at that time." Mr. Boston "did give the authority to the president of the corporation to assign this [real estate contract] to whatever corporation name we wanted to put here."

At the close of the plaintiff's evidence, defendants moved for a directed verdict on the ground that any contract was entered into with AAA Distributors as the buyer; AAA Distributors is "not a party to this suit[; and that plaintiff Pawn World has] failed to show any assignment." In reply, plaintiff's counsel referred the trial court to "Paragraph 6 of the pre-trial order[: . . . 'The names of the parties that are shown in the caption . . . are correct and complete. There is no question of misjoinder or nonjoinder of any party.' " The trial court granted defendants' joint motion for directed verdict, finding no "evidence in the record that indicates that the named plaintiff, Pawn World, Incorporated, has any legal interest in these proceedings." Plaintiff appeals from the judgment entered on that directed verdict. *Held*:

1. In its sole enumeration of error, Pawn World contends the trial court erred in directing the verdict in favor of defendants, arguing that they waived any defense based upon misjoinder or nonjoinder of parties by their stipulations in the pre-trial order. We do not agree. Pawn World's argument confuses the identity of a party with standing to pursue a particular claim. Moreover, plaintiff's own evidence raised the issue of an assignment.

"The [pre-trial] order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." OCGA § 9-11-16 (b). "Thus, a motion to amend and a proffered amendment filed at the trial cannot, as a matter of law, be untimely. In such instance, a discretion must be reposed in the trial court as to whether to allow such modification or amendment." *Ambler v. Archer*, 230 Ga. 281, 288 (196 SE2d 858). Moreover, the "defense of failure to state a claim upon which relief can be granted . . . may be made . . . at the trial on the merits." OCGA § 9-11-12 (h) (2). "Omission of an issue from a pretrial order is not controlling if evidence pertaining to the issue is introduced without objection, the opposing party is not unfairly surprised, and the issue is actually litigated. *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135, 138 (267

SE2d 792) (1980)." *Dunkin' Donuts of America v. Gebar, Inc.*, 202 Ga. App. 450 (1) (b), 451 (414 SE2d 683). In the case sub judice, defendants were not estopped to argue that the evidence failed to establish Pawn World's right to the claim it made under a contract to which it is not a party by the stipulations in the pre-trial order.

2. The purchaser under an executory written agreement for the sale of real property may sell or assign his beneficial interest to another. *Dunson v. Lewis*, 156 Ga. 692, 700 (1) (119 SE 846). An assignment of a beneficial interest under such instruments "shall . . . be executed with the same formality as is required for the execution of deeds conveying realty." OCGA § 44-5-32. In the case sub judice, the record is devoid of any writing purporting to assign the interest of AAA Distributors, the purchaser named in the writing sued on, to Pawn World, the only named plaintiff. In the absence of proof of a valid assignment under which Pawn World could stake its claim, Pawn World has no enforceable interest in the land at issue. The trial court correctly directed the verdict against Pawn World.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED AUGUST 14, 1995.

*Saliba & Moore, George M. Saliba II,* for appellant.
*Farkas, Ledford & Perry, Leonard Farkas,* for appellees.