## 32706. EATON v. WEATHERBY.

NICHOLS, Chief Justice.

Appellant alleged in his petition that in 1964 he sold appellee a piece of property for $1,200 by warranty deed which was recorded. Appellee gave appellant a note and security deed for the purchase price which apparently were not recorded. The appellee, after paying $225, came to appellant and stated that he could not make the remaining payments, gave the warranty deed back to him and orally canceled the sale. Appellant considered himself to be the owner and paid all taxes due on the property since that time. The note and security deed have

now disappeared.

Appellant previously filed an action alleging fraud to cancel the warranty deed. The appellee was granted a judgment on the pleadings in that action.

Appellee filed a motion for summary judgment in this action, alleging res judicata, which was sustained by the trial court. Appellant contends the present action is a different cause of action and, therefore, the previous judgment is not res judicata.

Appellant argues that the present action is to establish the lost note and security deed and recover the balance due on the note whereas the previous suit was for cancellation of the warranty deed.

Code § 110-501 provides: "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside."

The first suit was an equitable action for cancellation of a deed alleged to have been obtained by fraud. The present action is an action to establish a lost security deed and note and to foreclose the same. Although the matter raised in this action could have been pled in the alternative in the first suit under Code Ann. § 81A-108 (e), it was not necessary. "A creditor with notes secured by a deed to secure a debt is not put to an election, but may pursue his remedies under both instruments concurrently until he obtains a satisfaction of the debt under either." *Norwood Realty v. First Fed. Savings &c. Assn.*, 99 Ga. App. 692 (1) (109 SE2d 844) (1959). Under the allegations of the complaint the proof necessary to sustain the present action is entirely different and requires reliance on the warranty deed sought to be set aside in the previous action. The appellant was not barred by the judgment on the pleadings in the action for cancellation inasmuch as the present case is based upon a separate cause of action.

*Judgment reversed. All the Justices concur, except Jordan, Hall and Hill, JJ., who concur in the judgment only.*

SUBMITTED SEPTEMBER 2, 1977 — DECIDED SEPTEMBER 28, 1977.

*Kinney, Kemp, Pickell, Avrett & Sponcler, Henry C. Tharpe, Jr., H. E. Kinney,* for appellant.

*Mitchell, Mitchell, Coppedge, Boyett & Wester, Warren N. Coppedge, Jr.,* for appellee.