## 56023. MARLER v. ROCKMART BANK.

QUILLIAN, Presiding Judge.

This appeal is brought from the grant of a summary judgment for the defendant bank. Plaintiff Marler made and delivered to the Rockmart Bank three deeds to secure debt as security for notes on each of three parcels of land. We shall designate these tracts as Land A, Land B, and Land C. Each note and deed to secure debt went into default and the bank foreclosed on all tracts of land.

On Land A, a 60-acre tract with a note for $6,090, plus expenses of foreclosure, the amount due totaled $7,544.53. The land sold for $16,000. Confirmation was not sought as there was an excess of funds of $8,455.47. Foreclosure on Land B, a 67-acre tract with a $30,100.09 note, plus expenses, amounted to $38,748.95. The land sold for $27,750. Thus, there was a deficit of $10,998.95 remaining due on the note. Confirmation was sought on the sale of Land B but was denied and the bank did not appeal. Foreclosure of Land C, a house and lot with a $4,060 note, and foreclosure expenses totaled $6,234.25. The land sold for $4,500, with a deficit of $1,734.25 remaining due. Confirmation was not sought on this sale.

The bank applied the excess from the sale of Land A, $8,455.47, to the deficit of Land C — $1,734.25, leaving a remainder of $6,721.22 to apply to the deficit of $10,998.95 on Land B. A deficiency balance remains on all three transactions of $4,277.73.

Mr. Marler brought this action for $9,867 he claimed was surplus from the foreclosure on Land A. He also asked for interest, attorney fees, costs, and punitive damages. Plaintiff contends the issue is whether the purpose of foreclosure proceedings permits a creditor to take the excess amount realized from the foreclosure on one parcel of land and apply it to a deficit from the foreclosure sale of another amount in which the court has denied confirmation, or even another foreclosure in which a deficit was realized but the creditor failed to seek confirmation proceedings. Plaintiff argues that the court's refusal to confirm the sale of Land B shows the property "did not bring its true market value, and therefore a deficiency is not allowed . . . that by operation

of law the Bank can no longer seek a claim for any indebtedness . . . [as] the Bank has pursued its legal remedies under this procedure and by operation of law the debt has been extinguished."

Defendant moved for and was granted summary judgment. Plaintiff appeals. *Held:*

Plaintiff contends defendant's failure to get confirmation of the sale of Land B extinguished the debt. We cannot agree. Code Ann. § 67-1503 (Ga. L. 1935, p. 381), only provides: "When any real estate is sold on foreclosure . . . and at such sale said real estate does not bring the amount of the debt secured by such deed . . . *no action may be taken to obtain a deficiency judgment* unless the person instituting the foreclosure proceedings . . . obtains an order of confirmation and approval thereon." (Emphasis supplied.)

In a similar case, *Powers v. Wren,* 198 Ga. 316, 321 (31 SE2d 713), a deed to secure debt and promissory notes were foreclosed, and "the sale was never confirmed by the superior court; and from this it was claimed that the outstanding notes were fully satisfied. The plaintiff . . . takes the position that the effect of failure to obtain an order of confirmation is to reinvest her with title to the unpaid notes. The act does no such thing. It merely declares that, unless such an order is obtained, no action can be taken to obtain a deficiency judgment. The title to the unpaid notes was not altered. . . It is true that he can never sue on them, but neither can the holder of a series of notes given by one who has obtained his discharge in bankruptcy obtain a judgment thereon against the maker, if a proper plea be interposed. . ." "Mere foreclosure and sale of the property does not release the maker of the note and security deed of his obligation if there is a deficiency. It is true that [the holder] could not sue on the deficiency and obtain a judgment unless the sale was confirmed. . . But failure to do so does not invalidate the remaining obligation; it simply renders it impossible for the holder to sue on it, just as would a discharge in bankruptcy of the maker, properly pleaded." *Turpin v. North American &c. Corp.,* 119 Ga. App. 212, 217 (166 SE2d 588).

"A creditor who holds a promissory note secured by a

deed is not put to an election of remedies as to whether he shall sue upon the note or exercise a power of sale contained in the deed, but he may do either, or 'pursue both remedies concurrently until the debt is satisfied.' " *Oliver v. Slack,* 192 Ga. 7 (2) (14 SE2d 593); *Eaton v. Weatherby,* 239 Ga. 795, 796 (239 SE2d 8); *Norwood Realty Co. v. First Federal Savings &c. Assn.,* 99 Ga. App. 692 (1) (109 SE2d 844).

Each of the security deeds contained an "open-end" clause to secure any other debt or liability of the grantor to the bank. Some of the terms of the note were that the holder could "transfer all or any part of the Collateral into the name of the Holder"; and "collateral" included property "delivered, pledged . . . together with any and all balances, credits, deposits, accounts, items and monies of the undersigned [debtor] now or hereafter with the Holder [Bank], which balances and the like undersigned [debtor] hereby conveys and transfers to Holder [Bank], and the Holder [Bank] may, at any time, without demand or notice of any kind appropriate and apply toward the payment of such of the liabilities . . . any balances, credits, deposits, accounts, items or monies of the undersigned [debtor] with the Holder [Bank]." Thus, under the "open end" clause in the deeds to secure debt, each of the parcels of land was security for the debt on all of the other parcels of land. Under the notes, any monies coming into possession of the bank were authorized by the grantor to be applied to his liabilities.

In addition to the foregoing rights the bank contends it has the lawful right of "set-off" under Code § 20-1302, which would permit it to set off against the plaintiff's claim any existing indebtedness. See *Davenport v. State Banking Co.,* 126 Ga. 136, 146 (54 SE 977).

We need not reach the issue of the bank's claim of "set off." The bank had the contractual right to apply any monies belonging to plaintiff coming into its possession to any existing indebtedness of the plaintiff to the bank. Because foreclosure of a security deed did not extinguish the debt on that parcel of property, but had the effect only of foreclosing the right to sue for a deficiency judgment, the sale of Land B and Land C for amounts less than that owed left the remaining amounts due on the note. The

bank had the contractual right to apply the excess money from the sale of Land A to the deficiencies in the promissory notes on Land B and Land C. Plaintiff's enumeration of error is without merit.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED JUNE 8, 1978 — DECIDED JULY 3, 1978.

*Barnes & Browning, Thomas J. Browning,* for appellant.

*Marson G. Dunaway, Jr.,* for appellee.