**In the Matter of OAKLAND CITY APARTMENTS, INC., Oakland Park Apartments, Inc., Bankrupts.**

**UNITED STATES of America, Plaintiff,**

**v.**

**OAKLAND CITY APARTMENTS, INC., Oakland Park Apartments, Inc., Robert E. Brizendine, Trustee, Defendants.**

**Bankruptcy Nos. 77–369A, 77–370A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 19, 1979.

Douglas P. Roberto, Asst. U. S. Atty., N. D. Ga., Atlanta, Ga., for the U. S.

Robert E. Brizendine, Hicks & Scroggins, Atlanta, Ga., for Oakland City Apartments, Inc., Oakland Park Apartments, Inc. and Robert E. Brizendine, trustee.

MEMORANDUM OF OPINION ON MOTIONS FOR SUMMARY JUDGMENT OF THE TRUSTEE AND THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

A. DAVID KAHN, Bankruptcy Judge.

The question placed before the Court by Motions for Summary Judgment in these

two cases is whether the Department of Housing and Urban Development, as a loss payee on an insurance policy, is entitled, purely as a matter of law, to the proceeds from a fire loss which was suffered on properties covered by the policy.

These proceedings arose out of the bankruptcy trustee's abandonment, on December 5, 1977, of two apartment complexes previously operated by the bankrupt corporations. The day after the abandonment, the Department of Housing and Urban Development, ("HUD"), as mortgagee, foreclosed on the properties, and since it was the only bidder at the foreclosure sale, HUD became the purchaser. There was approximately $198,000 and $155,000 of outstanding indebtedness on the properties at the time of foreclosure, and since HUD's bid was computed at 90% of the uncollected indebtedness, exactly 10% of those two debts remain uncollected. HUD admits in its affidavit that its bid was determined through internal bidding policy based upon debt rather than fair market value of the real estate being foreclosed.

The dispute presently before this Court involves an attempt to satisfy HUD's uncollected debts by its request to apply the additional collateral which exists in the form of insurance proceeds to those obligations. The proceeds amount to slightly less than the uncollected debt.

■ In the context of bankruptcy, the purpose of a foreclosure sale is to make available a maximum amount of money to satisfy as many creditors' claims against the bankrupt as is possible. Even outside of bankruptcy, the purpose is similar: to provide maximum funds to satisfy the claims of junior lien-holders (or the debtor to the extent of any excess). For this reason, whether in bankruptcy or not, before a deficiency action may be brought by a creditor who forecloses on Georgia real estate, it must have the price at which the property sold judicially confirmed to be an accurate reflection of the property's fair market value. *Ga.Code Ann.* §§ 67–1503–1506 (Supp. 1979). In the instant case, HUD did not have the foreclosure prices so confirmed.

Despite this lack of confirmation, HUD has moved this Court to enter a summary judgment to the effect that it is entitled to the additional collateral of insurance proceeds. HUD's motion is based upon two alternative arguments:

(1) A failure to confirm a foreclosure price in Georgia does not affect a creditor's right to pursue additional property which secures the same debt; or

(2) Even if the Georgia confirmation procedure does indeed limit creditors' right to pursue additional collateral, such state law restrictions on the rights of foreclosing Federal governmental agencies are pre-empted by Federal authorities. *Clearfield Trust v. United States,* 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838 (1943).

■ While HUD correctly interprets Georgia law as allowing creditor actions to recover additional collateral without judicial confirmation of the price obtained at an earlier foreclosure against other collateral, *Salter v. Bank of Commerce,* 189 Ga. 328, 6 S.E.2d 290 (1939); *Marler v. Rockmart Bank,* 146 Ga.App. 548, 246 S.E.2d 731 (1978); *Calvert Fire Ins. Co. v. Environs Development Corp.,* 601 F.2d 851 (5th Cir. 1979), this legal principle does nothing more than remove the bar to creditor actions to recover deficiency judgments. Such removal of this restriction does not give HUD an unqualified right to additional collateral, i. e., the insurance proceeds, at least where such proceeds, the real estate, and the debtor are all within the exclusive jurisdiction of the Bankruptcy Court.

To allow HUD to collect the proceeds without an inquiry into the value of the properties obtained by HUD at foreclosure could result in allowing it greater than a single satisfaction of its claim. If the value of the real estate were greater than the debt, then, in exchange for its low bid, HUD would have already obtained value which exceeds the amount owed it. To allow recovery of the insurance proceeds in that possible accurate description of the facts would, without further inquiry, make a preferential situation worse. "[A] lien is

valid in bankruptcy against general creditors [as represented by the trustee] only to the extent of the value of the property over which the lien exists; to give it any greater value would be preferential." *Sloan v. Garrett*, 277 F.Supp. 235, 240–241 (D.S.C.1967).

█ Under the equitable powers vested in this Court and under the anti-preference principles embodied in the pre-emptive Federal law of bankruptcy, a hearing to determine the *fair market value* of the properties purchased by HUD for a debt-based bid should be held. Only after a finding has been made on the value of those properties will this Court be in the proper posture to rule on the disposition of the insurance proceeds.

It is unnecessary to consider HUD's alternative argument that Federal law displaces any state law restriction on HUD's ability to recover additional collateral, because HUD's interpretation of Georgia law as not embodying any such restriction has been adopted by this Court. This same Federal law argument, which urges that the National Housing Act, 12 U.S.C.A. § 1713(k) (1969), governs these HUD transactions, does not affect the bankruptcy law-based rationale of this Memorandum of Opinion, since that Federal statute in no way restricts the ability of this Court to inquire into potential preferences. The statute simply prevents HUD from bidding *more* than its uncollected claim at a foreclosure sale. Such a restriction does not require that HUD bid *less* than the debt and then recover additional collateral without regard to the market value of the property purchased at foreclosure Furthermore, it is unclear whether such a displacement of state law by the Federal law of HUD mortgage foreclosure is allowed; the Circuit Courts of Appeal are split on the question, *compare United States v. Merrick*, 421 F.2d 1076 (2nd Cir. 1970) *with Int'l Paper Co. v. Whitson*, 595 F.2d 559 (10th Cir. 1979), and the Fifth Circuit has not addressed the issue.

Accordingly, it is this Court's finding that there exists a genuine issue as to a material fact and therefore it is ORDERED that HUD's Motion be DENIED. Since granting the trustee's Motion would also preclude this Court from hearing evidence on the question of fair market value, his Motion is similarly DENIED.

The Court shall by separate order set this matter down for a pre-trial conference on the issue of fact regarding the fair market value as of the date of foreclosure of the real estate in question.