**In re JOHNSON, WILSON AND DILLON, Debtor.**

**Bankruptcy No. 89–20581.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

Nov. 30, 1990.

William Willson, Atlanta, Ga., trustee.

Hugh Worsham, Jr., Atlanta, Ga., for HFC Commercial Realty.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This matter is before the court on the Trustee's objection to the claim of HFC Commercial Realty, Inc. ("HFC") and on HFC's motion to require final accounting and release of cash collateral. Hearing on HFC's motion was held June 7, 1990, and both Debtor and HFC filed post-hearing briefs. By order entered June 21, 1990, Debtor's case was converted to Chapter 7 and a trustee was appointed. By order entered July 19, 1990, the Trustee was afforded an opportunity to oppose HFC's claim. The Trustee filed an objection to HFC's claim August 9, 1990, and HFC responded August 13, 1990. Hearing was held September 28, 1990. At the conclusion of the hearing, the parties were allowed until November 1, 1990, within which to present a consent order or to file briefs providing additional authority for their respective positions. Neither a consent order has been presented nor briefs filed.

The petition in the above-styled case was filed June 30, 1989. Pursuant to § 546(b), HFC filed a notice of its interest in rents and profits (the "Cash Collateral") July 7, 1989. An order limiting Debtor's use of the Cash Collateral was entered September 21, 1989.

By order entered December 29, 1989, the value of Debtor's primary asset, a shopping center in DeKalb County (the "Property") as of the date of entry of the order, was found to be $1.65 million and the debt owed to HFC by Debtor for which the Property was security in the amount of $2.054 million as of the date the petition was filed. Additionally, the order granted HFC limited relief from the automatic stay of 11 U.S.C. § 362 to permit HFC to advertise the Property for foreclosure, subject to

reimposition of the automatic stay if Debtor provided evidence of a satisfactory sale of the Property or evidence of executed leases of the Property sufficient to adequately protect HFC's interest in the Property.

By order entered February 5, 1990, Debtor's motion to reinstate the stay was denied. HFC foreclosed upon the Property February 6, 1990. HFC purchased the property at the foreclosure sale for $1,836,-735.00. HFC did not pursue or obtain judicial confirmation of the foreclosure sale. The amount of HFC's claim which remains unpaid equals $217,265.00. In HFC's motion for an accounting and release of cash collateral, HFC seeks payment of approximately $31,000,[1] which represents rents and profits collected from the Property postpetition and in which HFC claims a security interest.

◼ Neither Trustee nor Debtor seriously contested perfection of HFC's interest in the Cash Collateral. It appears, therefore, that HFC's filing of the notice pursuant to § 546(b) was sufficient to perfect its interest in the rents and proceeds from the Property. *In re Village Properties, Ltd.,* 723 F.2d 441 (5th Cir.), *cert. denied* 466 U.S. 974, 104 S.Ct. 2350, 80 L.Ed.2d 823 (1984); *In re Perimeter Park Investment Associates, Ltd.,* 1 B.R. 473 (Bankr.N.D. Ga.1979).

◼ The Trustee argues that HFC is not entitled to payment of the Cash Collateral because HFC failed to obtain judicial confirmation of the sale and thus cannot assert a deficiency claim against Debtor. Pursuant to the Official Code of Georgia Annotated (hereinafter "OCGA") at § 44–14–161, if, following a foreclosure sale, a creditor fails to obtain judicial confirmation that the foreclosure purchase price was the reasonable equivalent of the fair market value of the property, then the creditor cannot pursue a deficiency claim against the debtor. Because HFC failed to obtain judicial confirmation of the sale, Trustee asserts that HFC cannot assert a

---

1. HFC calculates the amount of Cash Collateral to be $31,046.86. The Trustee's interim report filed November 5, 1990, reflects $32,047.77.

deficiency claim against Debtor; thus, pursuant to § 502(b)(1), the claim is not enforceable against the Debtor's estate.

HFC counters the Trustee's argument by asserting that HFC merely seeks to exercise its rights to its additional collateral, the Cash Collateral. HFC relies on state law to establish that even in the absence of judicial confirmation following foreclosure, a creditor may pursue other contractual security to satisfy the debt. *See, Calvert Fire Insurance Co. v. Environs Development Corporation*, 601 F.2d 851 (5th Cir. 1979);[2] *Marler v. Rockmart Bank*, 146 Ga.App. 548, 246 S.E.2d 731 (1978).

The amount which is currently in the Trustee's hands represents the net rents and profits collected from the Property postpetition and prior to foreclosure, after operating expenses incurred for that same period. The security documents treat HFC's security interest in the Property and in the rents and profits separately, as if they were two separate items of collateral. Valuation of commercial real property, such as the Property in the instant case, however, is usually based on the income generated by the property multiplied by an appropriate capitalization rate. Thus, it would appear that rather than being a separate item of collateral, rents and profits are merely an aspect of the real property, so that, arguably, sale of the property extinguishes rights to rents and profits.

In the instant case, however, the Property was sold for more than the fair market value determined in the order entered December 29, 1989. The amount of the Cash Collateral in the hands of the Trustee represents excess rents and profits collected while the Property was owned by Debtor and thus is separate contractual security to which HFC is entitled.

The Trustee argues that if HFC's claim to the Cash Collateral is upheld, "a great injustice" for general unsecured creditors of the bankruptcy estate could result. The Trustee proposes a hypothetical in which a creditor holds liens against multiple items of collateral. If the creditor obtains relief from the automatic stay, the creditor could bid on each item of property for an extremely low price, thus obtaining title to properties which in combination exceed the amount of the creditor's claim while depriving general unsecured creditors to the excess proceeds.

The Trustee's hypothetical, however, ignores the principle recognized in *In re Oakland City Apartments*, 1 B.R. 123 (Bankr. N.D.Ga.1979) (J. Kahn), that the amount bid by the creditor to obtain the property at foreclosure must approximate the fair market value of the property. No creditor is entitled to recover more than the value of its claim. In the instant case, HFC's bid exceeded the fair market value of the Property set forth in the December 29, 1989 order, and still resulted in a shortage of $217,265.00. The amount of the Cash Collateral in the Trustee's hands is less than one-sixth of the amount of HFC's total claim which remains unsatisfied. No possibility of double recovery by HFC exists. Accordingly, it is hereby

ORDERED that Trustee's objection to claim is overruled. HFC's motion for an accounting and release of cash collateral is granted.

IT IS SO ORDERED.

---

**2.** *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.