**CITIZENS BANK OF AMERICUS,**
**Appellant,**

v.

**Edward J. WIGGINS, Appellee.**

**No. C.A. 93–437–1–MAC (WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

April 26, 1994.

---

**2.**  979 F.2d 1511 (11th Cir.1992).

Benjamin Franklin Easterlin, IV, Americus, GA, for appellant.

Kirby R. Moore, Macon, GA, for appellee.

## ORDER

OWENS, Chief Judge.

This appeal is from the Bankruptcy Court's order of October 27, 1993, which disallowed a proof of claim for $230,163.38 filed by the Citizens Bank of Americus ("Bank") against debtor Edward J. Wiggins ("Wiggins" or "debtor").

## FACTS

On May 1, 1991, Edward J. Wiggins executed a note and a deed to secure debt in favor of the Bank. The note was secured by certain real property. On September 1, 1992, Mr. Wiggins filed a Chapter 11 petition in the Middle District of Georgia, Macon Division. The case was converted to one under Chapter 7 of the Bankruptcy Code on October 6, 1992. The notice of conversion given to creditors informed them that it was unnecessary to file a proof of claim at that time because the estate appeared to have no assets. On October 21, 1992, the bankruptcy court granted the bank's motion for relief from stay to foreclose on the property securing the debt. The motion did not request permission to have the foreclosure sale confirmed nor was this right specifically granted. The bank sold the property at foreclosure sale on December 1, 1992, leaving a deficiency balance of $230,163.38 on Wiggins' debt to the bank. The bank did not have the foreclosure sale confirmed by the state superior court.

On April 23, 1993, the Bankruptcy Court notified creditors that the Chapter 7 Trustee had recovered assets and that proof of claims on these assets must be filed by July 22, 1993. The bank filed a proof of claim for the unsecured $230,163.38 deficiency. Wiggins filed a timely objection to the proof of claim contending that the bank's failure to confirm the foreclosure sale in court precluded the bank from collecting the deficiency. After conducting a hearing, the Bankruptcy Court sustained Wiggins' objection to the claim, concluding that the deficiency debt was not enforceable under Georgia law and hence not allowed under 11 U.S.C. § 502(b)(1).

## DISCUSSION

■ Bankruptcy Code § 502 governs the allowance of claims in bankruptcy. Section 502(b)(1) provides that a claim shall not be allowed in bankruptcy if it "is unenforceable against the debtor and property of the debt-

or under any agreement or applicable law...." 11 U.S.C. § 502(b)(1) (1988).[1] In short, a claim which is not enforceable against the debtor outside of bankruptcy will not be enforceable against the debtor's bankruptcy estate. Outside bankruptcy, the enforceability of the debt is governed by O.C.G.A. § 44–14–161.[2] Section 44–14–161 requires one who initiates foreclosure proceedings to apply to the superior court for confirmation and approval of the sale within 30 days or be precluded from taking any action to obtain a deficiency judgment. The bankruptcy court analogized a creditor's claim in bankruptcy to an "action" for the deficiency and disallowed the bank's claim.

■ Section 44–14–161 is in derogation of the common law and thus should be construed strictly. *First National Bank & Trust Co. v. Kunes*, 128 Ga.App. 565, 197 S.E.2d 446, *aff'd*, 230 Ga. 888, 199 S.E.2d 776 (1973). The statute aims to protect debtors when their property has been sold at a foreclosure sale at less than the fair market value. *Id.; Redman Industries Inc. v. Tower Properties, Inc.*, 517 F.Supp. 144, 149 (N.D.Ga.1981).

■ Georgia's confirmation statute does not extinguish the deficiency debt; rather, it limits the creditor's remedies. *Powers v. Wren*, 198 Ga. 316, 31 S.E.2d 713 (1944); *Marler v. Rockmart Bank*, 146 Ga.App. 548, 246 S.E.2d 731 (1978); *Turpin v. North American Acceptance Corp.*, 119 Ga.App. 212, 166 S.E.2d 588 (1969). Hence, a creditor retains the option of selling other security to recover the deficiency, *Salter v. Bank of Commerce*, 189 Ga. 328, 6 S.E.2d 290 (1939),

or applying any money in the creditor's possession to the existing deficiency. *Marler*, 146 Ga.App. at 550, 246 S.E.2d 731. In this case, however, the bank can not utilize the remedy of offset because it has none of Wiggins' assets in its possession.

■ The bank's claim against the debtor's bankruptcy estate is in substance the same as seeking a deficiency judgment against the debtor. *See Redman*, 517 F.Supp. at 150 (because suit on indemnity agreement resembled a deficiency judgment action in substance and initial foreclosure had not been confirmed, court denied the creditor's summary judgment motion). To allow the bank to collect an unconfirmed deficiency which would be unenforceable in the Georgia courts simply because the debtor is in bankruptcy would be unjust and in direct opposition to the protections afforded by the confirmation statute. The bank's deficiency claim was properly disallowed.

Accordingly, the decision of the bankruptcy court is **AFFIRMED.**

**SO ORDERED.**

---

1. Section 502 provides in pertinent part:

 (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

 (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

 (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other

than because such claim is contingent or unmatured; ....

2. Section 44–14–161(a) reads:

 When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, *no action* may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon. (emphasis added)