78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. BEACH, et al., Plaintiffs-Appellants,
v.
U.S. DEPARTMENT OF HOUSING, AND URBAN DEVELOPMENT, et al.,
Defendants-Appellees.
 No. 94-15805.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided March 5, 1996.
 
 1
 Before: NORRIS, BEEZER, and TROTT Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 Beach seeks reinstatement of the bankruptcy court's June 14, 1991 award of $420,004 in fees to Beach for property tax refund work done for Geneva Limited Partnership (GLP). In a September 11, 1992 order, the late Judge Vukasin reversed this award because he determined that the bankruptcy court had improperly approved the contract on which the award was based. We agree with Judge Vukasin that approval of the contract was improper, and we therefore affirm.
 
 
 4
 First, two threshold matters. We need not reach the issue of HUD's standing because the trustee has standing to defend against a party who seeks money that would otherwise go to the bankruptcy estate. Beach's argument that the trustee is collaterally estopped from demonstrating standing fails because he has not shown detrimental reliance. Second, Beach may attack the Vukasin order under the principles of pragmatic finality described in In re Frontier Properties, Inc., 979 F.2d 1358, 1362-64 (9th Cir.1992).
 
 
 5
 * In 1988, GLP hired Beach as a property tax consultant. Beach was to seek a reassessment of the value of Geneva Towers, a low-income housing project owned by GLP. The parties agreed to a contingency fee arrangement, under which Beach would be paid a large fraction of any tax savings he obtained.
 
 
 6
 On August 28, 1990, GLP filed for Chapter 11.
 
 
 7
 The bankruptcy court approved Beach's contract with GLP on February 7, 1991, by which time Beach had no more contractual obligations. Beach's contract provided "[c]onsultant's work with respect to any given property shall end upon decision by the Board of Equalization or the Assessment Appeals Board on the Appeal filed...." The Assessment Appeals Board (AAB) reached its decision on GLP's appeal of the Geneva Towers assessment on October 3, 1990. Any work Beach performed after this date was not required by the contract itself.
 
 
 8
 Beach suggests that, despite the language quoted above, he remained contractually obligated after October 3, 1990 because the contract required that Beach defend any favorable AAB decision against appeal by the Assessor. Because the Assessor still had the power to appeal after February 7, 1991, Beach claims he was still bound by the contract at that time.
 
 
 9
 The problem with this argument is that the AAB's October 3, 1990 decision was favorable to the Assessor. Before the meeting, Beach and the Assessor had agreed that some reduction in the valuation of the property was appropriate. The two disputed some issues, however, which they agreed to argue before the AAB. As Beach himself declares, "[t]he Board eventually decided the disputed issues in favor of the Assessor." ER 18 at 10 (Declaration of Robert S. Beach). Beach never explains why the Assessor would appeal a decision in which the Assessor had won on the disputed issues. Therefore, Beach's claim that he remained contractually obligated after October 3, 1990 lacks substance.
 
 
 10
 On February 7, 1991, the bankruptcy court nonetheless approved Beach's contract under 11 U.S.C. § 328. This section is normally used to authorize future professional services for the estate. Under extraordinary circumstances, however, a professional can win approval nunc pro tunc for services rendered to an estate without previous court approval. In re THC Fin. Corp., 837 F.2d 389, 392 (9th Cir.1988). Beach has not attempted to show such circumstances. Therefore, retroactive approval under § 328 was improper.
 
 
 11
 On June 14, 1991, the bankruptcy court awarded Beach $420,004 as called for under the contingency fee arrangement of the contract. Because approval of that contract was improper, so was the award.
 
 II
 
 12
 Beach's argument that he has an attorney's charging lien for the full $420,004 contract amount also fails. First, it is not clear that he was acting as an attorney. Second, even if Beach has a charging lien, he has not shown that such a lien would entitle him to $420,004. Beach relies on In re Pacific Far East Line, Inc., 654 F.2d 664 (9th Cir.1981). In that Bankruptcy Act case, an attorney, Alioto, had a prepetition contingency fee contract with the debtor. Alioto's contract did not survive bankruptcy, but, under the authority of Isrin v. Superior Court, 403 P.2d 728, 731-32 (Cal.1965), the court held that Alioto had a lien "for the reasonable value of his services rendered prior to the Chapter XI petition." 654 F.2d at 669 (citations omitted). The court granted him an administrative priority for the value of services rendered after the petition. Id. at 670.
 
 
 13
 The court also approved a bankruptcy court's earlier determination of the amount of Alioto's charging lien. The bankruptcy court had used the parties' contingency fee agreement (which had not survived bankruptcy) as a "guideline" to determine this amount. Id. at 670 n. 8. Nothing in In re Pacific Far East, however, requires a court to use a voided contingency fee agreement as a "guide" for determining the reasonable value of services.
 
 
 14
 On remand from Judge Vukasin's order, the bankruptcy court granted Beach $100,000 as the reasonable value of his services. This award was reasonable and just. In re Pacific Far East requires no more.
 
 CONCLUSION
 
 15
 In sum, bankruptcy court approval of the Beach contract was improper, and therefore the bankruptcy court's award of $420,004 to Beach under the terms of that contract was also improper. Accordingly, Beach has no grounds on which to base his claim of entitlement to such an amount.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3