**In re Ellen Flanders BROOKS, Debtor.**

**Synovus Bank formerly known as Columbus Bank and Trust Company as successor in interest through name change and by merger with Peachtree National Bank, Movant**

**v.**

**Ellen Flanders Brooks, Respondent.**

**No. 11–10365–WHD.**

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Sept. 28, 2012.

Cameron M. McCord, Noel J. Bartels, Jones & Walden, LLC, Atlanta, GA, for Debtor.

R. Jeneane Treace, Office of the United States Trustee, Atlanta, GA, for U.S. Trustee.

### ORDER

W. HOMER DRAKE, JR., Bankruptcy Judge.

Currently before the Court is a Motion in Limine to Exclude Evidence filed by Synovus Bank (hereinafter "Movant" or "Synovus") against Ellen Flanders Brooks (hereinafter "Respondent") and a corresponding Motion for Expedited Hearing on Motion in Limine to Exclude Evidence. These motions arise with Movant's pending Motion to Dismiss or Convert and Alternatively for Stay Relief. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (G), & (O); § 1334.

The dispute here involves an attempt by Synovus to satisfy uncollected debts by applying additional collateral securing the debts to a deficiency created by foreclosure on collateral in another bankruptcy proceeding. The primary question presented to the Court is whether Respondent may proffer value evidence as to the property that Movant foreclosed on in the related proceeding in order to challenge Movant's attempt to foreclose on property owned by the Respondent.

Synovus Bank is the holder of a Note executed by Frank B. Flanders (hereinafter "Mr. Flanders") in the original amount of three-hundred twenty thousand dollars ($320,000.00) (hereinafter the "Note"). The Note was secured by a first priority lien on real property, known as 4811 Flat Shoals Road in Union City, Fulton County, Georgia, owned by the grandchildren of Mr. Flanders. (hereinafter "Flat Shoals

Property"). The Note was also secured by a first priority lien on real property, known as 5565 New Peachtree Road in DeKalb County, Georgia, owned by Respondent (hereinafter "Peachtree Property").

On February 1, 2011, Mr. Flanders and Respondent each commenced separate and individual bankruptcy proceedings by filing for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia, Newnan Division. On November 7, 2011, the Court entered a Consent Order granting Movant relief from the automatic stay to foreclose on the Flat Shoals Property. Movant was the highest bidder at the foreclosure sale with a bid of two-hundred twenty-five thousand, seven-hundred fifty dollars ($225,750.00). Although Synovus bid above an appraisal conducted by a licensed third party, Synovus never sought confirmation of the foreclosure sales price in accordance with the Official Georgia Code Annotated (hereinafter "O.C.G.A") § 44–14–161, nor did Synovus seek any form of judicial determination from the Bankruptcy Court that the bid approximated the fair market value of the Flat Shoals Property.

Movant filed the instant motion to preclude Respondent from introducing evidence that the value bid by Movant at the foreclosure sale did not approximate the fair market value and from requesting that a judicial determination of the value still needs to be made in order to determine the extent, if any, to which Respondent's collateral secures remaining debts owed to Movant.

## ANALYSIS

*Respondent's Standing to Object to Fair Market Value*

■ As a threshold matter, the Court must address whether Respondent has standing to proffer value evidence challenging Movant's dismissal motion, or in the alternative, stay relief motion. Neither party has cited definitive authority for the elements that one must meet to be entitled to standing in a contested matter in a bankruptcy court.

Movant asserts that Respondent lacks standing to object to the fairness of the sale of the Flat Shoals Property because she was not a party to the original Note. Movant cites *Canton Plaza v. Regions Bank, Inc.*, 315 Ga.App. 303, 732 S.E.2d 449 (2012) for support. *Canton Plaza* found that a guarantor was not entitled to *commence* a breach of contract action or wrongful foreclosure claim because the guarantor was not a party to the contract. *Id.* (Emphasis added).

■ In a Chapter 11 bankruptcy proceeding, the "trustee [or debtor-in-possession] has standing to defend against a party who seeks money [or property] that would otherwise go to the bankruptcy estate." *Beach v. U.S. Dep't of Hous., and Urban Dev.*, 78 F.3d 591, 1996 WL 95244, *1 (9th Cir.1996). It is the party bringing the challenge, not the party defending its position, that must assert standing. *See Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1286 (11th Cir.2010) ("As the party *invoking* federal jurisdiction, Mulhall bears the burden of demonstrating his standing to sue.") (emphasis added); *Pub. Citizen, Inc. v. Miller*, 992 F.2d 1548 (11th Cir.1993) ("To have standing before a federal court, a plaintiff must assert a sufficiently concrete and individualized injury rather than a mere general grievance....") (internal quotations omitted); *see also Benoist v. U.S. Bank Nat'l Ass'n*, 2012 WL 3202180, *6 (D.Hawai'i 2012) ("[I]t should go without saying that a defendant need not establish its standing to defend against claims."). Although Re-

spondent instituted the current bankruptcy proceeding, it is the Movant that commenced the matter currently before this Court. The introduction of value evidence is being requested by Respondent to defend against Synovus's motion to dismiss, or alternatively for stay relief. Because the Respondent seeks to keep Movant from foreclosing on property that would otherwise go to the bankruptcy estate, and because Movant initiated the current proceedings, this Court finds that Respondent has sufficient standing to contest the valuation assigned to the Flat Shoals Property at foreclosure.

Even if the Respondent must affirmatively assert her standing, this Court would find that the Respondent had such standing. Three things must be proved to assert standing. First, a party must suffer, or imminently suffer, an injury in fact. *Mulhall,* 618 F.3d at 1286. To establish an injury in fact, Respondent must demonstrate "a legally cognizable interest that has been or [is] imminently at risk of being invaded." *Id.* Preclusion of relevant valuation evidence would result in the appropriation of Respondent's only defense against Movant's motion for relief from the automatic stay. Consequently, such an outcome leaves the Court no other option than to grant Synovus the relief requested by default, thus allowing Movant to foreclose on Respondent's property. Not only does the Respondent have a personal stake in the outcome, but the size of the bankruptcy estate and hopes for reorganization would be detrimentally affected by blindly permitting such a foreclosure. Accordingly, Respondent satisfactorily demonstrated an injury in fact, sufficient for the Court to examine the merits of her contentions.

Secondly, such an injury must be "fairly traceable" to the opposing party's conduct. *Id.* Movant foreclosed on the Flat Shoals Property after being released from the stay, but failed to confirm the sales price with the superior court of the county, as required by O.C.G.A. § 44–14–161, nor did Movant seek confirmation from this Court as to whether the sale approximated the fair market value of the property. If Respondent is capable of showing a discrepancy between the value of the Flat Shoals Property at the time of the foreclosure sale and the actual proceeds of the sale, any injury to Respondent here is derivative of Movant's action or inaction in the preceding foreclosure. The Court finds that the potential injury would be attributable to the conduct of the opposing party.

Finally, standing requires that a favorable judgment remedy or prevent the potential injury. *Mulhall,* 618 F.3d at 1286. Supposing the Court finds the valuation evidence persuasive, a ruling by this Court that the Movant would be unable to foreclose would both protect the Respondent, personally, and protect the interests of the bankruptcy estate. A favorable judgment would, therefore, remedy or prevent any injustice that may potentially occur. Because the Court finds that Respondent has satisfactorily established all three prongs of the standing test, attention shall be given to whether Respondent may present valuation evidence as to the Flat Shoals Property in the related bankruptcy proceeding.

*Whether Respondent May Proffer Value Evidence*

Synovus argues that under Georgia substantive law, the failure to confirm the sales price of foreclosed property only acts to prevent the foreclosing party from seeking a deficiency against the individual to whom the property belonged, and does not prevent the creditor from pursuing other available remedies. Movant claims that requesting this Court to evaluate the sufficiency of the earlier foreclosure would, in essence, require a confirmation hearing

prior to allowing Movant's pursuit of its alternative remedies, in contravention of Georgia state law's acquiescence. Consequently, such confirmation would strip Synovus of its contractual rights to proceed against additional collateral securing the deficiency.

■ Georgia state law requires that:

When any real estate is sold on foreclosure ... and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceeding shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.

O.C.G.A. § 44–14–161(a). The primary purpose behind O.C.G.A § 44–14–161(a) is to protect the aforesaid debtor from both a foreclosure and an unfair deficiency action following the sale at less than true market value. *Commercial Exch. Bank v. Johnson,* 197 Ga.App. 529, 530, 398 S.E.2d 817 (1990).

Synovus correctly advances Georgia law, in that a creditor legally may seek, should a deficiency exist, to foreclose upon additional collateral, regardless of its compliance with O.C.G.A. § 44–14–161. *In re Snead,* 231 B.R. 823, 825 (Bankr.N.D.Ga. 1999); *see also In re Oakland City Apartments, Inc.* (hereinafter *"Oakland City"*), 1 B.R. 123, 124 (Bankr.N.D.Ga.1979) ("[Creditor] correctly interprets Georgia law as allowing creditor actions to recover additional collateral without judicial confirmation of the price obtained at an earlier foreclosure against other collateral....") (Citing *Salter v. Bank of Commerce,* 189 Ga. 328, 6 S.E.2d 290 (1939); *Marler v. Rockmart Bank,* 146 Ga.App. 548, 246

S.E.2d 731 (1978); *Calvert Fire Ins. Co. v. Environs Dev. Corp.,* 601 F.2d 851 (5th Cir.1979)). The creditor does not, however, have an "unqualified right" to additional collateral when such collateral is under the exclusive, equitable jurisdiction of the Bankruptcy Court. *Oakland City,* 1 B.R. at 124.

■ In *Oakland City,* a creditor foreclosed on two items of collateral after the bankruptcy trustee abandoned them. *Id.* At the foreclosure sale, the creditor, using an internal bidding process, purchased the property for ninety percent (90%) of the uncollected debt rather than fair market value. *Id.* Without seeking confirmation of the foreclosure sale, the creditor attempted to satisfy its uncollected indebtedness with insurance proceeds from the collateral. *Id.* The *Oakland City* Court maintained that the purpose of foreclosure in bankruptcy was to maximize the sales price in order to maximize the bankruptcy estate and satisfy as many claims against the bankrupt as possible. *Id.* If the Court fails to inquire into the value of the properties foreclosed upon, it passively endorses the inequitable recovery by creditors over and above the amount of the indebtedness. *Id.* Such complicity only seeks to encourage unscrupulous purposeful underbidding on foreclosed properties with the unfettered intent of foreclosing upon additional collateral to the detriment of the bankruptcy estate.

■ The Bankruptcy Court is inherently a court of equity. *Oakland City,* 1 B.R. at 125. No creditor is entitled to recover more than the value of their claim. *In re Johnson, Wilson, and Dillon,* 123 B.R. 439, 441 (Bankr.N.D.Ga.1990). "[T]he amount bid by a creditor to obtain the property at a foreclosure must approximate the fair market value of the property." *Id.* (allowing the creditor to foreclose

on additional collateral because the creditor's bid exceeded an earlier valuation finding by the Court.). Because conceivable inequity arises from permitting Synovus's foreclosure on the Peachtree Property if the fair market value of the Flat Shoals Property approximated the extent of the lien, this Court believes Respondent should be provided an opportunity to present her evidence. *See Oakland City,* 1 B.R. at 125 ("Under the equitable powers vested in this Court and under the anti-preference principles embodied in the preemptive Federal law of bankruptcy, a hearing to determine the fair market value of the properties purchased by [the creditor] for a debt based bid should be held."); *see also In re Lenz,* 110 B.R. 523, 526 (D.Colorado 1990) ("[It's] logical, in that the creditor should not be permitted a double recovery at the debtor and the other creditor's expense.").

Synovus argues that this Court should distinguish the present case from *Oakland City.* First, Movant asserts that the foreclosure action in the related case arose from relief from the stay, rather than abandonment by the trustee. However, the Court sees no reason why this differentiation would impact the Court's decision. In both instances, the creditor obtained permission to pursue state remedies outside of bankruptcy, foreclosed on the respective collateral in question, without any form of judicial determination as to the valuation of the collateral, and, additionally, failed to seek confirmation according to the requirements of O.C.G.A. § 44–14–161. The nature in which the creditor obtained its permission to foreclose seems irrelevant. In both instances, equity dictates that this court determine whether Movant's bid approximated the fair market value of the collateral, so as to protect the bankruptcy estate.

Secondly, Synovus contends that their foreclosure bid was based on an independent third party appraisal of the collateral, and is not based on an internal bidding process reflecting a percentage of the outstanding indebtedness, as in *Oakland City.* Regardless of how Synovus developed its bid, the fair market evaluation is still the Court's to make. The Court fails to see how Movant may substitute the judgment of an independent third party appraiser for that of the Court's. Synovus may introduce the appraisal as evidence to the valuation of the collateral, but the appraisal does not obviate the necessity of a judicial determination.

*Whether Respondent is Equitably Estopped from Contesting the Value of Previously Foreclosed Property.*

 The doctrine of equitable estoppel "is grounded on a notion of fair dealing and good conscience. It is designed to aid the law in the administration of justice where without its aid injustice might result." *DeShong v. Seaboard Coast Line R.R. Co.,* 737 F.2d 1520, 1522 (11th Cir. 1984). "The doctrine is properly invoked where enforcement of the rights of one party would work an injustice upon the other party due to the latter's justifiable reliance upon the former's words or conduct." *Kosakow v. New Rochelle Radiology Assoc., P.C.,* 274 F.3d 706, 725 (2nd Cir.2001); *See also Heckler v. Cmty. Health Serv. of Crawford Cnty.,* 467 U.S. 51, 59, 104 S.Ct. 2218, 81 L.Ed.2d 42 (1984).

 In this case, Synovus urges the Court to estopp Respondent from introducing valuation evidence as it pertains to property that Movant foreclosed upon in another proceeding. Synovus contends that Respondent's failure to contest the asserted value in a motion for stay relief in the other bankruptcy case justifies preventing her from presently contesting it

now. However, Movant fails to show how Synovus detrimentally relied on Respondent's silence or how injustice occurs by allowing the Respondent to introduce valuation evidence. Injustice does not arise by simply awarding Respondent an opportunity to prove Movant underbid the fair market value of the Flat Shoals Property, thus creating a deficiency enabling a foreclosure to take place on Respondent's property to the detriment of the Debtor and the bankruptcy estate.

Movant asserts that Respondent was a party to the Consent Order, which granted Synovus relief from the automatic stay with respect to the Flat Shoals Property and which included Synovus's third party appraisal. Movant argues that by consenting to the foreclosure of the Flat Shoals Property, with knowledge of the estimated value, Respondent should be precluded from contesting that valuation now. However, the facts do not support Movant's contentions. Respondent was not a party to the afore mentioned Consent Order. That Consent Order was between Frank B. Flanders, not Ellen Flanders Brooks, and Synovus. The only parties that signed the consent order were Nan H. Newman (representing the Movant) and Cameron M. McCord (representing Mr. Flanders in that case and not Ellen Flanders Brooks). Movant's Resp. Br. Supp. Mot. Limine, Ex. B, at 4. The distribution list also failed to include Respondent. Movant's Resp. Br. Supp. Mot. Limine, Ex. B, at 5. Because Respondent neither consented to nor received the Consent Order granting Movant's motion for stay relief against the Flat Shoals Property, it cannot be said that Synovus justifiably relied upon her silence or conduct.

▬▬▬ Synovus also contends that the Court, in fact, granted a Consent Order in the previous case, and that Respondent was aware of the effects such an order may have on her Peachtree Property being held as additional collateral. Movant's argument seems grounded in collateral estoppel, more so than equitable estoppel, in that Synovus seeks to have the judgment in the prior case prohibit further inquiry into the issue. The doctrine of collateral estoppel attempts to avoid relitigating issues that were fully litigated in other proceedings. *See Dormescar v. U.S. Atty. Gen.,* 690 F.3d 1258, 1268 (11th Cir.2012). Collateral estoppel requires that (1) the current proceeding present an identical issue from a prior proceeding; (2) the issue was critical and necessary to the outcome of the prior proceeding; (3) the issue was fully and fairly addressed; (4) the two parties were "identical;" and (5) a final decision was rendered by the court. *Bryant v. Jones,* 575 F.3d 1281, 1303 (11th Cir.2009). In the case before us, it is clear that the two parties were not identical, nor can mere consent between the parties, be a full and fair determination of the issue. Further, the Consent Order pertained to relief from the automatic stay. The exact valuation of the Flat Shoals Property was not critical to the outcome of that proceeding. For these reasons, the issue of valuation is not precluded by the earlier consent order.

For the above reasons, Synovus's Motion in Limine to Exclude Evidence and Motion for Expedited Hearing on Motion in Limine to Exclude Evidence are **DENIED.** It is so **ORDERED.**